UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS RHODES,

        Petitioner,                                Case No. 21-11630

vs.

                                                  HON. MARK A. GOLDSMITH

BRYAN MORRISON,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Karlos Rhodes filed a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1993 convictions for first-degree murder, Mich. Comp. Laws § 750.316, and felony firearm, Mich. Comp. Laws § 750.227b (Dkt. 1). The Court directed Petitioner to show cause why his case should not be dismissed as barred by the statute of limitations (Dkt. 2). Petitioner did not file a response to the show-cause order. For the reasons set forth below, the Court dismisses the petition as untimely.

### I. BACKGROUND

On July 13, 1993, following a bench trial, Petitioner was convicted in Wayne County Circuit Court of first-degree murder and felony firearm. On July 27, 1993, he was sentenced to life imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right, and the Michigan Court of Appeals affirmed his convictions on December 29, 1994. People v. Rhodes, No. 168670 (Mich. Ct. App. Dec. 29, 1994). He did not seek leave to appeal to the Michigan Supreme Court. See Habeas Pet. at PageID.10.

On November 12, 2018, Petitioner filed a motion for relief from judgment in the trial court,

and the trial court denied the motion. Id. at PageID.11. The Michigan Court of Appeals denied Petitioner's application for leave to appeal. Id. The Michigan Supreme Court also denied leave to appeal. People v. Rhodes, 951 N.W.2d 673 (Mem.) (Mich. 2020).

On June 28, 2021, Petitioner filed this habeas petition.

## II. DISCUSSION

### A. Statute of Limitations for Habeas Petitions

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations for petitions for habeas relief. It states that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d).

Petitioner does not allege that a state-created impediment prevented the timely filing of his petition, that his petition is based upon a newly recognized constitutional right, or that it is based upon a newly discovered factual predicate. Therefore, subsection (A) of the statute applies, and the one-year statute of limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2241(d)(1)(A).

Petitioner's convictions became final for purposes of the applicable one-year statute of limitations on February 24, 1995, that is 56 days after the Michigan Court of Appeals affirmed his convictions on direct review. See Gonzalez v. Thaler, 565 U.S. 134, 152–53 (2012) (holding that where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires); 28 U.S.C. § 2244(d)(1). A petitioner whose convictions became final before AEDPA's effective date is given a one-year grace period, lasting until April 24, 1997, to file a federal habeas petition. Jurado v. Burt, 337 F.3d 638, 640 (6th Cir. 2003). Petitioner did not seek habeas relief during the one-year grace period, and, therefore, the statute of limitations period expired on April 24, 1997.

The one-year statute of limitations is tolled "during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" Wall v. Kholi, 562 U.S. 545, 550–551 (2011) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner's motion for relief from judgment, however, did not toll the limitations period because it was filed in 2018, over 20 years after the limitations period expired. See DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006) (stating that a properly filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run).

While statutory tolling is governed by § 2244(d)(2), federal courts may equitably toll the limitations period where exceptional circumstances are present. Holland v. Florida, 560 U.S. 631, 651–52 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that he is entitled to equitable tolling. Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). Petitioner is not entitled to equitable tolling because he has not cited any "extraordinary circumstance" that prevented timely filing, and the record does not demonstrate a basis for equitable tolling.

A credible claim of actual innocence may also equitably toll the limitations period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the statute of limitations has expired). The actual-innocence standard is "demanding" and "seldom met." Id. (punctuation modified). It requires a petitioner to present new evidence in light of which "it is more likely than not that no reasonable juror would have convicted him." Id. (punctuation modified). Petitioner's argument that the evidence was insufficient to support his convictions does not meet the actual-innocence standard. This argument is not supported by "new reliable evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), and actual innocence entails "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623–24 (1998).

Petitioner is not entitled to equitable or statutory tolling of the limitations period. His petition, therefore, will be dismissed as time barred.

**B. Certificate of Appealability and Leave to Proceed In Forma Pauperis**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22. Rule 11 of the Rules Governing § 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2254 Proceedings 11. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a COA should issue only if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists would not find debatable the Court's procedural ruling that the habeas petition is untimely and that Petitioner is not entitled to tolling of the limitations period. Accordingly, the

Court will deny Petitioner a COA.

The Court concludes that an appeal from this decision may be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court will grant Petitioner leave to proceed in forma pauperis on appeal.

### IV. CONCLUSION

For the reasons set forth, the Court dismisses the petition for a writ of habeas corpus with prejudice. The Court denies a certificate of appealability and grants leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: November 16, 2021  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2021.

 s/Karri Sandusky
 KARRI SANDUSKY
 Case Manager